Filed 5/15/14  P. v. Jordan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARV JORDAN,<br><br>Defendant and Appellant. | C071329<br><br>(Super. Ct. No. 11F02924) |

A jury convicted defendant Marv Jordan of willfully threatening to commit a crime that would result in death or great bodily injury, and also convicted him of misdemeanor spousal battery.  The trial court placed defendant on probation for five years and ordered him to serve 365 days in county jail.

1

Defendant now contends (1) his appointed counsel prior to trial rendered ineffective assistance, and (2) the trial court erred in granting defendant's *Faretta* motion,[1] in which defendant asked to represent himself at trial.

Because defendant does not support his ineffective assistance claim with any meaningful argument on appeal, the claim is forfeited. In addition, because defendant asserted his claim of *Faretta* error for the first time in his reply brief, that claim is forfeited too. We will affirm the judgment.

BACKGROUND

Our recitation of the background is limited to the circumstances relevant to the contentions on appeal. In April 2011, following an altercation with his wife, defendant was charged with willfully threatening to commit a crime that would result in death or great bodily injury (Pen. Code, § 422 -- count one),[2] and willfully and unlawfully inflicting corporal injury resulting in a traumatic condition (§ 273.5, subd. (a) -- count two). The People further alleged that defendant personally used a firearm when he threatened the victim (§§ 1203.06, subd. (a)(1) & 12022.5, subd. (a)).

On the date of defendant's arraignment, the trial court appointed the public defender's office to represent him. Shortly thereafter, defendant retained counsel (Roland Tiemann) and the public defender was relieved. A few months later, defendant retained a new attorney, Paris Coleman, and Tiemann was relieved. Then, in September 2011, nearly five months after defendant's arraignment, Coleman was relieved as counsel and the public defender's office was reappointed. Assistant Public Defender Thomas Clinkenbeard represented defendant at the preliminary hearing. Defendant was held to answer to the charges.

---

[1] *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562] (*Faretta*).

[2] Undesignated statutory references are to the Penal Code.

2

Defendant subsequently filed four *Marsden* motions[3] seeking to have Clinkenbeard relieved as counsel. Defendant claimed Clinkenbeard was not sufficiently investigating the case, was not communicating sufficiently, was not prepared for the preliminary hearing, failed to introduce relevant evidence, failed to properly cross-examine witnesses, and was not prepared for trial. Clinkenbeard responded to each of defendant's assertions and the trial court denied all four of defendant's *Marsden* motions. In denying the fourth *Marsden* motion, the trial court described Clinkenbeard as "extremely prepared" and "extremely diligent in his preparation of this case." The trial court also found Clinkenbeard's strategic choices were "sound" and that it was appropriate not to let defendant "micromanage the case."

Defendant then asked the trial court to allow him to represent himself pursuant to *Faretta, supra,* 422 U.S. 806 [45 L.Ed.2d 562]. The trial court asked defendant numerous questions to make sure he was intelligently and knowingly giving up his constitutional right to court-appointed representation, reminded defendant of his constitutional right to counsel, and warned him of "the dangers and the disadvantages of proceeding without a lawyer." The trial court gave defendant a week to review the written advisements regarding representing himself.

A week later, defendant returned to court. The trial court asked if defendant had an opportunity to review the written advisements; defendant acknowledged reviewing them. The trial court advised defendant his maximum exposure, if found guilty at trial, was 14 years in prison, along with fines exceeding $10,000. The trial court again asked defendant numerous questions to make sure defendant's decision to represent himself was knowing and intelligent, and again repeated the dangers and disadvantages of proceeding without a lawyer. Finally, the trial court asked defendant: "Is it still your

---

[3] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

3

decision to represent yourself?"  Defendant responded:  "One million percent, yes."  The trial court granted defendant's *Faretta* motion and defendant represented himself at trial.

The jury convicted defendant of willfully threatening to commit a crime that would result in death or great bodily injury (§ 422), and found true the allegation that he personally used a firearm in the commission of the crime (§ 12022.5, subd. (a)).  The jury found defendant not guilty of willfully inflicting corporal injury resulting in a traumatic condition (§ 273.5, subd. (a)), but found him guilty of the lesser included misdemeanor offense of spousal battery (§ 243, subd. (e)(1)).

The trial court placed defendant on probation for five years and ordered him to serve 365 days in county jail.

DISCUSSION

I

Defendant contends his appointed counsel prior to trial rendered ineffective assistance.  But he makes no actual argument in support of his claim.  Rather, he cites *Strickland v. Washington* (1984) 466 U.S. 668 [80 L.Ed.2d 674] for the general proposition that he has a right to competent counsel.  He cites two other cases for the same general proposition.  In addition, he cites several more cases for the proposition that "[c]riminal defense attorneys have a 'DUTY TO INVESTIGATE' carefully all defenses of fact and of law that may be available to the defendant."  But defendant makes no meaningful argument as to why any of the cited cases are applicable to his claim of ineffective assistance.

Because defendant asserts his claim without any meaningful argument, the claim is forfeited.  (*People v. Gionis* (1995) 9 Cal.4th 1196, 1214, fn. 11; *People v. Hardy* (1992) 2 Cal.4th 86, 150; *People v. Wharton* (1991) 53 Cal.3d 522, 563.)

II

In his reply brief, defendant asserts for the first time on appeal that the trial court erred in granting defendant's *Faretta* motion and allowing him to represent himself at

4

trial. Defendant argues the trial court did not offer him another attorney, but simply left him to his own devices as a pro per defendant. He further argues that a trial requires "the expertise of an attorney," which he is not. Thus, he concludes, he was deprived of a fair trial.

This argument is forfeited because it is raised for the first time in his reply brief without a showing of good cause. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 482, fn. 10; *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764-765.) "Points raised for the first time in a reply brief will ordinarily not be considered, because such consideration would deprive the respondent of an opportunity to counter the argument." (*American Drug Stores, Inc. v. Stroh* (1992) 10 Cal.App.4th 1446, 1453; *Reichardt v. Hoffman, supra,* 52 Cal.App.4th at pp. 764-765.)

In any event, the contention lacks merit. "[A] defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so." (*Faretta*, *supra*, 422 U.S. at p. 807 [45 L.Ed.2d at p. 566], italics omitted.) " ' "[I]n order to invoke the constitutionally mandated unconditional right of self-representation a defendant in a criminal trial should make an unequivocal assertion of that right within a reasonable time prior to the commencement of trial." [Citations.]' [Citation.] Failure to grant a proper *Faretta* request is reversible error. [Citation.]" (*People v. Skaggs* (1996) 44 Cal.App.4th 1, 5, italics omitted.)

"When 'a motion to proceed pro se is timely interposed, a trial court must permit a defendant to represent himself upon ascertaining that he has voluntarily and intelligently elected to do so, irrespective of how unwise such a choice might appear to be. . . .' " (*People v. Dent* (2003) 30 Cal.4th 213, 217, italics omitted.)

Defendant made an unambiguous motion to represent himself. After he made his motion, the trial court engaged in painstaking efforts to make sure defendant's request was knowing and intelligent. The trial court also repeatedly advised defendant of the potential dangers of representing himself, and continued to remind him that he was

5

entitled to a court-appointed attorney.  Despite those advisements, defendant said he was "[o]ne million percent" certain he wanted to proceed without an attorney.  He cannot now claim he was denied effective assistance of counsel and thus a fair trial.  (See *People v. Carson* (2005) 35 Cal.4th 1, 8 [" 'whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain' " about the quality of his defense].)

The trial court did not err in granting defendant's *Faretta* motion.

DISPOSITION

The judgment is affirmed.

                                                                              MAURO                        , J.


We concur:


                        RAYE                        , P. J.


                        HULL                        , J.


6